836 F.2d 550
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Robert KIMSEY, Plaintiff-Appellant,
v.
Captain BURTON, Zehner, Psychologist, Sgt. Mack, Sgt.
Davenport, Lt. Skivers, Defendants-Appellees.
 Nos. 87-3530/3588.
 United States Court of Appeals, Sixth Circuit.
 Dec. 17, 1987.
 
 ORDER
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 
 1
 This matter is before the court upon consideration of plaintiff's motion for appointment of counsel. This case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff appeals from a summary judgment for defendants in his suit filed under 42 U.S.C. Sec. 1983. Plaintiff contends that defendants violated his due process rights by denying his request to call witnesses and to confront his accuser at a prison disciplinary hearing. Review of state prison disciplinary proceedings in federal courts is limited to a determination of whether the proceedings met minimal constitutional requirements; the underlying disciplinary charges cannot be retried. See Superintendent, Massachusetts Correctional Institution at Walpole v. Hill, 472 U.S. 445 (1985). Upon review, we conclude that the district court granted summary judgment for defendants.
 
 
 3
 The material facts are not in dispute. Prison officials were notified by a New Philadelphia, Ohio police captain that plaintiff had mailed some Tranxene capsules from the prison to his niece in New Philadelphia in an effort to have the contents tested. Plaintiff was cited for "misuse of authorized medication" in violation of a prison disciplinary rule and the prison disciplinary committee conducted a hearing on December 18, 1985. At the hearing, plaintiff admitted that he had mailed the capsules, and the disciplinary committee refused plaintiff's request to call the New Philadelphia police captain and plaintiff's niece as witnesses. Plaintiff was found guilty and was sentenced to ten days confinement in disciplinary control.
 
 
 4
 Generally, a prisoner facing disciplinary charges has a right to call and confront witnesses. Wolff v. McDonnell, 418 U.S. 539, 566-68 (1974). However, a disciplinary committee is vested with considerable discretion to refuse to call witnesses in order to keep the inquiry within reasonable bounds. See Ponte v. Real, 471 U.S. 491, 495-99 (1985); Baxter v. Palmigiano, 425 U.S. 308, 320-22 (1976). Here, defendants' refusal to call plaintiff's niece and the police captain as witnesses from outside the prison was reasonable because plaintiff has never suggested what exculpatory evidence they could provide. Further, the refusal to allow plaintiff to confront the witnesses was reasonable because plaintiff admitted to having mailed the capsules, and no suggestion of exculpatory evidence within these witnesses' knowledge has been made. Therefore, summary judgment for defendants was proper because the undisputed material facts disclose that the prison disciplinary proceedings afforded plaintiff met the minimal constitutional requirements, and defendants are entitled to judgment as a matter of law. Kendall v. Hoover Co., 752 F.2d 171, 174 (6th Cir.1984); County of Oakland v. City of Berkely, 742 F.2d 289, 298 (6th Cir.1984).
 
 
 5
 Accordingly, it is ORDERED that plaintiff's motion for appointment of counsel be denied. The judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.